UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| WILLIAM F. CRUMEL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:14-CV-350 |
| | ) | Phillips/Shirley |
| TCCA, INC. and LAUREN A. CARROLL, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff William F. Crumel alleges several claims under the Fair Debt Collection Practices Act ("FDCPA") related to unpaid medical bills owed to UT Surgical Associates. Defendant Lauren A. Carroll has filed a motion to dismiss for lack of subject matter jurisdiction [Doc. 4]. Plaintiff has responded [Doc. 7] and defendant has filed a reply [Doc. 10]. Accordingly, this matter is ripe for determination.

### I.   Relevant Facts

Defendant Lauren Carroll is an attorney who filed a civil warrant against plaintiff on behalf of UT Surgical Associates and defendant TCCA, Inc. for an account past due in the Hamblen County General Sessions Court on July 8, 2013 [Doc. 1-1]. Plaintiff was served with the warrant on July 25, 2013 [*Id.*]. The instant case was filed on July 25, 2014, in which the plaintiff claims that the civil warrant: contained false, deceptive, and misleading representations of her rights under state law; was the use of unfair or

unconscionable means to collect or attempt to collect a debt; contained misleading and confusing statements; and failed to disclose that the communication was from a debt collector and was an attempt to collect a debt, all in violation of the FDCPA [Doc. 1 at ¶¶ 15, 16, 23, 24]. Plaintiff also claims that defendant Carroll failed to send a five-day follow-up notice of rights as required by the FDCPA [*Id*. at ¶ 26].

II. <u>**Standard of Review**</u>

Defendant's motion is filed under Fed. R. Civ. P. 12(b)(1), asserting a lack of subject matter jurisdiction. Although not explicitly stated as such, defendant has brought a factual attack on the plaintiff's complaint by asserting a defect that may exist even though the complaint contains the formal allegations necessary to invoke jurisdiction. *See Brandon v. Fin. Accounts Servs. Team, Inc.*, 701 F. Supp. 2d 990, 993 (E.D. Tenn. 2010). The issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Rule 12(b)(1) may be used to challenge the plaintiff's claims as barred by the governing statute of limitations. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil* § 1350 (3d ed. 2004); *Huddleston v. United States*, 485 Fed. App'x 744,

2

745 (6th Cir. 2012); *Zoggyie v. East Tenn. State Univ.*, No. 3:08-CV-126, 2009 WL 1766264, at *1-2 (E.D. Tenn. June 23, 2009).

**III.    Analysis**

The FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The defendant's motion presents a pure question of law: whether the statute of limitations began to run on plaintiff's FDCPA claim when the civil warrant was filed or when plaintiff was served with process. If the statute of limitations began to run with the filing of the civil warrant on July 8, 2013, then this action, filed on July 25, 2014, is time-barred. If the statute of limitations began to run when plaintiff was served with the civil warrant on July 25, 2013, then this action is timely.

The legal issue presented has been resolved both ways. Beginning with *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997), a number of courts have held that, when the alleged FDCPA violation is the filing of a lawsuit, the statute of limitations begins to run at the time of filing, rather than at the time of service. *See, e.g., Baker v. Midland Funding, LLC*, No. CV-13-08168-PCT-DGC, 2014 WL 345686, at *1—2 (D. Ariz. Jan. 30, 2014); *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1086 (E.D. Cal. 2013); *Lyons v. Michael & Assoc.*, No. 13CV11-LAB (KSC), 2013 WL 4680179, at *2 (S.D. Cal. Aug. 29, 2013); *Collins v. Erin Capital Mgmt., LLC*, 290 F.R.D. 689, 697—98 (S.D. Fla. 2013); *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 Civ. 0990(RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998). The rationale for this approach derives from

the language of the FDCPA, which emphasizes when "the violation *occurred*." 15 U.S.C. § 1692k(d) (emphasis added); *Collins*, 290 F.R.D. at 697. Thus, the focus is on the actions of the debt collector and the filing of the lawsuit is the debt collector's "last opportunity to comply" with the Act. *Naas*, 130 F.3d at 893 (quoting *Mattson v. U.S. West Communications*, 967 F.2d 259, 261 (8th Cir. 1992)). Additionally, the courts note that the date of filing is a date easily ascertainable by both parties. *Id*.

In contrast, a number of courts have followed the Tenth Circuit's approach in *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002), and concluded that the statute of limitations begins to run when the debtor is served with process. *See, e.g., Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 446 (5th Cir. 2013); *Archer v. Aldridge Connors, LLP*, 998 F. Supp. 2d 1360, 1364 (S.D. Fla. 2014); *Lautman v. 2800 Coyle St. Owners Corp.*, No. 13-CV-967 (ARR)(VVP), 2014 WL 2200909, at *5—7 (E.D.N.Y. May 23, 2014); *Anderson v. Gamache & Myers, P.C.*, No. 4:07CV336MLM, 2007 WL 1577610, at *7—8 (E.D. Mo. May 31, 2007). The rationale for this line of cases is outlined in *Johnson*:

> If the debt collector files suit against the FDCPA plaintiff but then elects to call off the process server and abandon the collection suit before the plaintiff has been served, it cannot be said that the abandoned lawsuit constitutes an "attempt to collect" on the debt within the meaning of the FDCPA, 15 U.S.C. § 1692f. . . . Of course, the fact that a party that has committed half an actionable wrong is likely to commit the other half cannot suffice to create a complete and present cause of action. Furthermore, if the limitations clock began to run with service of process rather than with filing suit, somebody in [defendant's] position could effectively block any action under the federal statute by filing suit and then delaying service. In fact, a delay of service for an entire year (so that the debtor remained unaware of the lawsuit during that time) could cause the limitations period to run out before there was any opportunity for the debtor

4

to bring suit under the FDCPA.

305 F.3d at 1113-14.

The parties acknowledge that the Sixth Circuit has not definitively ruled on this issue. In *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir. 2010), the court dismissed an FDCPA claim based on the statute of limitations, but noted that it "need not decide whether the FDCPA incorporates a discovery rule or permits equitable tolling" and that it "need not answer whether the FDCPA's one-year clock started when Unifund filed its suit or when it served Ruth" because the claim was time-barred either way. *Id*.

The Sixth Circuit took up the question in the context of a bankruptcy action in *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455 (6th Cir. 2013), the decision on which defendant primarily relies. In *Tyler*, the debt collection agency filed suit against the debtor prior to his initiation of Chapter 7 bankruptcy proceedings. *Id*. at 458. However, the debtor was never served with process and therefore he did not list the collection suit on his bankruptcy schedules. *Id*. After his bankruptcy was discharged, the debtor was served with process in the debt collection action. *Id*. The debt collection case was voluntarily dismissed and the debtor then filed suit alleging violations of the FDCPA. *Id*. The Sixth Circuit analyzed whether an actionable FDCPA violation occurred at the time the debt collection case was filed, thus bringing the claim into the bankruptcy estate. *Id*. at 463. The court noted the differing opinions of *Johnson* and *Naas* and commented that, "[a]lthough some of the reasoning in these opinions is helpful, accrual for the purposes of § 541 is different from accrual for statute-of-limitations purposes." *Id*. The court considered the rationale supporting the *Johnson* decision, but concluded "we hold –

5

contrary to *Johnson* – that a violation may occur at filing, and thus Tyler's FDCPA cause of action is pre-petition property of the estate." *Id*.

The *Tyler* court listed several reasons in support of its decision. First, filing a complaint may cause actual harm to the debtor because it could be a red flag to other creditors or anyone who runs a background or credit check. *Id*. at 464. Second, dating the violation to the filing of the action is more easily administrable, as the alternative may be complicated if the proper procedure for service is not followed or if the debtor is not found. *Id*. "The debt collector's procedural failures or the debtor's success in escaping service should not be relevant to the viability of an FDCPA claim." *Id*. Third, the court noted the purpose of the FDCPA is to regulate the actions of debt collectors and there is no reason to protect debt collectors who have filed complaints but not yet served process. *Id*. Finally, the court observed the filing of the complaint is the "root" of the violation, whether or not the claim "matures" during the collection action. *Id*.

In the present case, the plaintiff urges the Court to follow the *Johnson* decision and a recent decision from this Court, *Jolley v. RAB Performance Recoveries, LLC, et al.*, No. 2:13-cv-79, slip op. at 4—5 (E.D. Tenn. Oct. 30, 2013) (Greer, J.), to hold that the limitations period begins to run at the time of service [Doc. 7 at pp. 3—5]. In *Jolley*, Judge Greer found persuasive the reasoning in *Duffey v. Pope*, No. 2:11-cv-16, 2012 WL 4442753, at *7-9 (S.D. Ohio Sept. 25, 2012), which, in turn, relied upon *Johnson*. The *Duffey* decision and the authorities cited therein concluded that due process requires notice and therefore the statute of limitations should run from the date of service. *Duffey*, 2012 WL 4442753, at *8 (citing *Langendorfer v. Kaufman*, No. 1:10-CV-00797, 2011

6

WL 3682775, at *3 (S.D. Ohio Aug. 23, 2011)).

In response, the defendant argues that the *Tyler* decision, although raised in the context of whether an FDCPA claim becomes the property of the bankruptcy estate, focused on the analysis of when the injury or violation occurs [Doc. 10 at p. 2]. The defendant also contends that the reasons listed by the *Tyler* court for using the date of filing to begin the statute of limitations clock are equally applicable to analysis under the FDCPA [Doc. 4 at p. 4]. The defendant also argues that even if the discovery rule applied, an issue which has not been resolved by the Sixth Circuit, the plaintiff's claim is still time-barred because "the focus is on the date on which the violation occurs, not on the date on which the violation is known." *See Lloyd v. Midland Funding, LLC*, No. 3:12-cv-566-TAV-HBG, 2014 WL 3507363, at *13 (E.D. Tenn. July 14, 2014) (Varlan, J.) (quoting *Brandon v. Fin. Accounts Servs. Team, Inc.*, 701 F. Supp. 2d 990, 996—97 (E.D. Tenn. 2010)).

In *Lloyd*, the alleged FDCPA violation was the entry of a default judgment against the debtor in a collection action which she did not discover until over a year later. *Id*. at *1. The *Lloyd* court concluded that even circuits that have applied the discovery rule focus on when the plaintiff discovered or could have discovered the violation. *Id*. at *13. Because the alleged violation in *Lloyd* was a public record, the plaintiff could have discovered it and the claim was time-barred. *Id*. But *Lloyd* did not involve the precise question presented here: whether the statute of limitations begins to run at the time of filing of the underlying suit or at the time of service. The *Lloyd* plaintiff was aware of the pending collection action against her, but because the parties reached a settlement,

7

she believed that the case had been resolved and was unaware of the default judgment entered against her. *Id.* at *1. Thus, the court was not presented with the filing versus service dilemma. In contrast, the *Jolley* decision did involve the issue presented here and the court sided with the rationale outlined in *Johnson*, that is, the statute of limitations is triggered by service of the underlying action.

This Court has carefully reviewed all of these decisions. While persuasive, the undersigned notes that the *Jolley* decision was entered on October 30, 2013, approximately one week prior to the entry of the Sixth Circuit's decision in *Tyler* on November 7, 2013. And while the bankruptcy framework in which the *Tyler* decision arose presents an arguable basis to conclude that it is not binding authority on these facts, the undersigned is simply not at liberty to ignore it. The Sixth Circuit clearly stated its opinion was contrary to the reasoning of *Johnson* and that the FDCPA statute of limitations begins to run at the time of filing, rather than service. 736 F.3d at 463. Applying that rule to these facts, the plaintiff's claims are barred by the one year statute of limitations in 15 U.S.C. §1692k(d). Accordingly, the defendant's motion to dismiss [Doc. 4] will be **GRANTED** and the plaintiff's claims against defendant Carroll will be **DISMISSED**.

In light of the Court's conclusion that the plaintiff's claims are time-barred, the plaintiff will be directed to show good cause why the claims against defendant TCCA, Inc. should not also be dismissed as time-barred. An appropriate order will be entered.

                                                s/ Thomas W. Phillips
                                         SENIOR UNITED STATES DISTRICT JUDGE

8

Case 3:14-cv-00350-TWP-CCS   Document 16   Filed 12/03/14   Page 8 of 8   PageID #: 77